UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────x

NEW GIRL ORDER LLC,

        Plaintiff,                      **Case No.:**

v.

NEW GIRL ORDER LTD., LYST LTD,        **COMPLAINT**
DOLLS KILLS, INC., ZUMIEZ, INC.,
URBAN OUTFITTERS, INC., MODE SENSE,
INC., and ASOS, plc.,

        Defendants.                 **DEMAND FOR JURY TRIAL**

──────────────────────────────────────x

      Plaintiff, New Girl Order, LLC for its causes of action against Defendant, New Girl Order LTD, Lyst, LTD, Dolls Kill, Inc., Zumiez, Inc., The Cool Hour LLC, Urban Outfitters, Inc., Mode Sens, Inc., and ASOS, plc. alleges as follows:

### Introduction

    1.    Plaintiff brings this lawsuit to protect the substantial goodwill that it and its partners have developed since 2015 in its distinctive NEW GIRL ORDER – NGO® mark and the NEW GIRL ORDER name and mark (together, the "New Girl Order Marks") that have developed a reputation for excellence in apparel and other related goods.

    2.    Despite being on repeated notice of Plaintiff's priority in the above-referenced marks, Defendant, New Girl Order LTD, has and continues to infringe the NEW GIRL ORDER Marks- in the United States through its online retailer, https://newgirlorder.co.uk/, and through various distributors and retailers in the US market, including but not limited to the other defendants named in this suit, namely, Lyst, LTD, Dolls Kill, Inc., Zumiez, Inc., The Cool Hour LLC, Urban Outfitters, Inc., Mode Sens, Inc., and ASOS, plc.

3. Defendants' use of Plaintiff's marks to sell competing goods to many of the same consumers served by Plaintiff has caused and will continue to cause consumer confusion and irreparable harm to Plaintiff unless Defendants are enjoined from using the NEW GIRL ORDER – NGO and NEW GIRL ORDER marks.

4. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendants' willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

5. This action is for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

6. The court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

7. This Court has personal jurisdiction over Defendant, New Girl Order, LTD. Defendant's acts of infringement of Plaintiff's marks were, upon information and belief, committed in the Southern District of New York, within the jurisdiction of this Court. Upon information and belief, Defendant has advertised its goods under the infringing marks in this state and has transacted business by selling its goods to distributors and retail stores within this state that offer its products to the public under the infringing mark. Defendant, New Girl Order, LTD, has engaged in substantial activity within this state and this judicial district and has had substantial contacts here, having purposefully availed itself of the privilege of conducting activities in the forum. Defendant has caused injury to Plaintiff within this state and within this judicial district.

8. This Court has also personal jurisdiction over Defendants, Lyst, LTD, Dolls Kill, Inc., Zumiez, Inc., The Cool Hour LLC, Urban Outfitters, Inc., Mode Sens, Inc., and ASOS, plc., Defendants' acts of infringement of Plaintiff's registered marks were, upon information and belief, committed in the Southern District of New York, within the jurisdiction of this Court. Upon information and belief, Defendants have advertised Defendant, New Girl Order, LTD's goods under the infringing marks in this state and have transacted business by selling goods containing the infringing marks within this state. Defendants have engaged in substantial activity within this state and this judicial district and have had substantial contacts here, having purposefully availed themselves of the privilege of conducting activities in this forum. All Defendants has caused injury to Plaintiff within this state and within this judicial district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the Defendant may be found or transacts business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

## PARTIES

10. Plaintiff, New Girl Order LLC, is a limited liability company duly organized and existing under the laws of the State of New Jersey on March 24, 2021, with its principal place of business located at 14 Silver Street, Bayonne, New Jersey 07002.

11. The NEW GIRL ORDER mark (US Registration Number 6,219,338) and the NEW GIRL ORDER- NGO mark (US Registration Number 5,018,518) were properly assigned to New Girl Order LLC, along with the right to pursue any infringement of those marks.

12. Upon information and belief, Defendant, New Girl Order LTD, is limited company duly organized and existing under the laws of the United Kingdom, with its principal place of business located at Palladium House 1-4 Argyll Street London, United Kingdom, W1F 7LD.

13. Upon information and belief, Defendant, Lyst LTD, is a limited company duly organized and existing under the laws of the United Kingdom, with its principal place of business located at 7th Floor, The Minster Building, Mincing Lane, London, United Kingdom, EC3R-7AG, and doing business in the United States as Lyst, Inc, a Delaware Corporation, with a principal place of business located at 401 Broadway, Suite 2102, New York, New York 10013.

14. Upon information and belief, Defendant, Dolls Kill, Inc, is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 2525 16th Street, Suite 410, San Francisco, California 94103.

15. Upon information and belief, Defendant, Zumiez, Inc, is a corporation organized and existing under the laws of Delaware, with its principal place of business located 6300 Merrill Creek Parkway, Suite B, Everett, Washington 98203.

16. Upon information and belief, Defendant, The Cool Hour LLC, is a limited liability corporation organized and existing under the laws of California, with its principal place of business located at 900 Euclid St #204 Santa Monica, California 90403.

17. Upon information and belief, Defendant, Urban Outfitters, Inc., is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 5000 South Broad Street, Philadelphia, Pennsylvania 19112.

18. Upon information and belief, Defendant, ModeSens, Inc., is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 815 Brazos Street Suite 500 Austin, Texas 78701.

19. Upon information and belief, Defendant, ASOS, plc, is a public limited company organized and existing under the laws of the United Kingdom with its principal place of business located at Greater London house, Hampstead Road, London NW1 7FB, United Kingdom. Upon

information and belief, the Defendant also operates in the United States as ASOS US, Inc., a corporation organized and existing under the law of Delaware.

**FACTS**

20. Plaintiff has created an apparel brand inspired by the unification of women in the fashion industry and has and continues to produce graphics and products through its brand focusing on the issue of women's empowerment.

21. Since at least March 7, 2015, Plaintiff's officers, and thereafter has sold apparel containing its marks through various channels, including the website hoodgoodie.com. The hoodgoodie.com website is depicted in part below:



22. Plaintiff has established its brand, New Girl Order through use and sales of goods bearing the NEW GIRL ORDER-NGO and NEW GIRL ORDER marks on social media like Instagram as a way to promote its apparel business.

23. The NEW GIRL ORDER- NGO mark was filed on November 15, 2014 and registered on August 9, 2016 with a registration number of 5,018,518.

24. The NEW GIRL ORDER mark was filed on April 9, 2019 and registered on December 15, 2020 with a registration number of 6,219,338.

25. Defendant New Girl Order LTD, manufactures, sells, and distributes clothing and other merchandise from its website, https://newgirlorder.co.uk/ containing the NEW GIRL ORDER- NGO and NEW GIRL ORDER marks.

26. Upon information and belief, Defendant New Girl Order LTD, licenses and/or sells its merchandise to other retail establishments for sale at their stores and/or online marketplaces.

27. Upon information and belief, Defendant New Girl Order LTD has licensing or sales agreements with Defendants, Lyst, LTD, Dolls Kill, Inc., Zumiez, Inc., The Cool Hour LLC, Urban Outfitters, Inc., Mode Sens, Inc., and ASOS, Inc. to sell New Girl Order LTD's apparel in their stores and/or online marketplaces.

28. Furthermore, FQM Entertainment Limited ("FQM"), an entity, which upon information and belief is associated with New Girl Order LTD, previously initiated a TTAB Cancellation Proceeding, No: 92070821, seeking to cancel the NEW GIRL ORDER mark. Ultimately TTAB entered a default judgment against FQM on or about October 26, 2020.

29. Thus, not only was FQM and New Girl Order LTD. on notice of Plaintiff's priority in the New Girl Order Marks, but those companies administratively challenged Plaintiff's right to use those marks and lost that litigation.

30. Thus, any continued infringement after FQM's default on or about October 26, 2020 was intentional and in flagrant disregard of Plaintiff's rights.

31. Subsequently, New Girl Order LTD has also filed three United States trademark applications for marks similar to Plaintiff's marks, including NGIRLO, NGORDER, and NEWGO.

32. On or about November 20, 2020, Plaintiff sent FGM and New Girl Order LTD a demand letter requesting among other things that FGM and New Girl Order LTD cease and desist use of Plaintiff's trademarks. To date, FGM and New Girl Order LTD have failed to respond to the demand letter. A copy of the demand letter is annexed hereto as Exhibit C.

33. Despite New Girl Order LTD's knowledge of Plaintiff's marks and the validity of such marks through TTAB proceedings, New Girl Order LTD continues to produce, sell, distribute, and profit from Plaintiff's marks without just compensation to Plaintiff.

34. All Defendants directly or contributorily infringe Plaintiff's New Girl Order Marks and are on notice or should be on notice of Plaintiff's priority to said marks.

## AS AND FOR THE FIRST CAUSE OF ACTION: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

35. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

36. Plaintiff alleges federal trademark infringement pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

37. Plaintiff has sold apparel including but not limited to t-shirts, shirts, sweaters, sweatshirts, and sweatpants in the United States under the New Girl Order Marks since 2015. The marks have been used continuously in United States commerce since that time.

38. Plaintiff is the owner of federal trademark registrations, 5,018,518 and 6,219,338 for NEW GIRL ORDER- NGO and NEW GIRL ORDER.

39. The registration for NEW GIRL ORDER-NGO mark covers, apparel, namely, sweatpants, sweatshirts, t-shirts, dresses, leggings, jackets, tops, bottoms, and hats. A true copy of this registration is attached as Plaintiff's Exhibit A. The right to use this trademark has become

incontestable under the provisions of 15 U.S.C. § 1065. The trademark is valid and subsisting and its registration has never been canceled.

40. The registration for NEW GIRL ORDER mark covers athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms. A true copy of this registration is attached as Plaintiff's Exhibit B. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The trademark is valid and subsisting and its registration has never been canceled.

41. Plaintiff has invested substantial time, effort, and financial resources promoting its trademarks in connection with the marketing and sale of its goods in interstate commerce. The NEW GIRL ORDER- NGO and NEW GIRL ORDER trademarks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products and its goodwill.

42. Plaintiff's marks are inherently distinctive as applied to Plaintiff's goods that bear those marks.

43. Notwithstanding Plaintiff's established rights in the trademarks, and upon information and belief, Defendant, New Girl Order, LTD has adopted and used Plaintiff's marks in interstate commerce in connection with the sale and offering for sale clothing, accessories, and other apparel on its website, https://newgirlorder.co.uk/, and through other retail stores and/or online marketplaces, Lyst, LTD, Dolls Kill, Inc., Zumiez, Inc., The Cool Hour LLC, Urban Outfitters, Inc., Mode Sens, Inc., and ASOS, Inc.

44. All Defendants have advertised goods, created by New Girl Order LTD containing the infringing trademarks NEW GIRL ORDER- NGO and NEW GIRL ORDER on

social media, individual Defendants' apps, and in advertising media, including but not limited to Google Ads.

45. Defendant, New Girl Order LTD's use of Plaintiff's registered trademarks on Defendant's website, https://newgirlorder.co.uk/, are depicted in part below:



46. Similarly, Defendants, Lyst, LTD, Dolls Kill, Inc., Zumiez, Inc., The Cool Hour LLC, Urban Outfitters, Inc., Mode Sens, Inc., and ASOS, Inc have used Plaintiff's trademarks without permission, as depicted in part below:





47. Without Plaintiff's consent, Defendants have used and continue to use Plaintiff's marks and in connection with the sale, offering for sale, distribution or advertising of its goods.

48. Defendants have engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and having actual knowledge of Plaintiff's use of the marks from TTAB proceeding that was resolved in favor of the Plaintiff by default judgment in October 2020.

49. Defendants' actions are likely to mislead the public into concluding that its goods originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public. Plaintiff has no control over the quality of goods sold by Defendant and because of the source confusion caused by Defendant, Plaintiff has lost control over its valuable goodwill.

50. Defendant's use of its mark constitutes willful, deliberate and intentional trademark infringement.

51. Plaintiff has requested in writing that Defendant, New Girl Order, LTD, the originator of the infringement, cease and desist from its infringing actions but New Girl Order, LTD has not responded to these requests and has failed to comply with them. Plaintiff's letter to Defendant, New Girl Order LTD, is annexed hereto as Exhibit C.

52. Defendants' continued unauthorized use of the Plaintiff's mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

53. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

54. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights.

## AS AND FOR THE SECOND CAUSE OF ACTION: FEDERAL UNFAIR COMPETITON (15 U.S.C. § 1125(a)

55. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

56. Defendants' marketing and sale of products in interstate commerce using the NEW GIRL ORDER- NGO and NEW GIRL ORDER marks constitutes a use of a false

designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendants as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

57. Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

58. As a result, of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

59. Defendants will cause further irreparable injury to Plaintiff if Defendants are not restrained from further violation of Plaintiff's rights.

### AS AND FOR THE THIRD CAUSE OF ACTION: COMMON LAW TRADEMARK INFRINGEMENT (N.Y. Gen. Bus. Law § 360-o)

60. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

61. Plaintiff owns valid and enforceable trademark rights for, NEW GIRL ORDER-NGO and NEW GIRL ORDER.

62. Without Plaintiff's permission or consent, Defendants have used and continue to use in commerce reproductions, copies, or colorable imitations of Plaintiff's marks in connection with the manufacturing, distributing, selling, offering, advertising, and/or promoting Defendant, New Girl Order, LTD's goods.

63. Defendants' use of the mark has created confusion among the public by passing off Defendant, New Girl Order, LTD's goods as related to Plaintiff's own goods.

64. By its actions, Defendants have injured and violated the rights of Plaintiff in an amount to be determined at trial.

65. By its actions, Defendants have irreparably injured Plaintiff and such injury will continue unless Defendants are enjoined by this Court from further violation of Plaintiff's trademark rights, for which Plaintiff has no adequate remedy at law.

### AS AND FOR THE FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT

66. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

67. Defendants have been unjustly enriched by profiting from the sale of goods bearing Plaintiff's marks.

68. Defendants have been enriched at the expense of Plaintiff.

69. It is against equity and good conscient to permit Defendants to retain benefits of its use of Plaintiff's marks.

70. By its actions, Defendants have injured and violated the rights of Plaintiff in an amount to be determined at trial.

### AS AND FOR THE FIFTH CAUSE OF ACTION: DECEPTIVE ACTS AND PRACTICES UNLAWFUL (N.Y. Gen. Bus. Law § 349)

71. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

72. Defendants engaged in deceptive acts or practices within New York by using Plaintiff's marks in the manufacture, distribution, sale, offer, advertisement and/or promotion of Defendant, New Girl Order, LTD's goods.

73. Through the unfair acts and practices described above, Plaintiff has been and continues to be, damaged by Defendants.

74. Defendants have has profited from their unfair acts and practices and unless Defendants' conduct is enjoined, Plaintiff will continue to suffer irreparable injury that cannot adequately be calculated or compensated by monetary damages.

75. Accordingly, Plaintiff seeks injunctive relief pursuant to N.Y. Gen. Bus. Law § 349.

76. Furthermore, Plaintiff is entitled to judgment in an amount equal to three times its damages, together with reasonable attorneys' fees, pursuant to N.Y. Gen. Bus. Law § 349.

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

a) Entering a judgment that Plaintiff's NEW GIRL ORDER- NGO and NEW GIRL ORDER trademarks have been and continue to be infringed by Defendants in violation of 15 U.S.C. § 1114(1);

b) Entering a judgment that Defendants' use of Plaintiff's trademarks constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

c) Entering a judgment that Defendants' use of Plaintiff's trademarks violates New York common law trademark infringement;

d) Permanently enjoining and restraining the Defendants and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the trademarks NEW GIRL ORDER- NGO and NEW GIRL ORDER or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendant's

products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's marks;

e) Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

f) Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all goods, labels and other material in their possession bearing the infringing designation;

g) Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendants any trademark registration for any mark or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with Plaintiff's marks, including, but without limitation, ordering the cancellation of Defendant, New Girl Order, LTD's trademark applications for, NGORDER, NGIRLO and NEWGO.

h) Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

i) Awarding to Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

j) Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case;

k) Granting Plaintiff damages for its fourth cause of action, unjust enrichment in an amount to be determined at trial;

l) Granting Plaintiff injunctive relief pursuant to N.Y. Gen. Bus. Law § 349;

m) Granting damages, which shall be trebled, together with reasonable attorneys' fees, pursuant to N.Y. Gen. Bus. Law § 349; and

n) Granting Plaintiff such other and further relief as the Court may deem just.

Dated:   Rockville Centre, New York
        July 8, 2021

Respectfully submitted,

**Falcon Rappaport & Berkman PLLC**

*Moish Peltz*

By:   Moish E. Peltz  (MP3333)
*Attorneys for Plaintiff*
1185 Avenue of the Americas, Third Floor
New York, New York 10036

265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570